IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60225
Summary Calendar

_____

JODY DERAMUS, Individually and as
Administratrix of the Estate of
John Doe (Frank Deramus),

        Plaintiff-Appellant,

v.

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:92-CV-225WS)
_____

January 9, 1998

Before JOLLY, BENAVIDES, AND PARKER, Circuit Judges.

PER CURIAM:[1]

On March 19, 1992, the appellant, Jody Deramus, individually and as the administratrix of the estate of her deceased husband, Frank Deramus, filed suit against the appellee, Jackson National Life Insurance Company ("JNL"), in Mississippi state court, alleging that JNL was negligent in not disclosing that it had discovered, during its consideration of a life insurance application by Mr. Deramus, that Mr. Demarus was infected with HIV. On April 17, 1992, JNL timely removed the action to federal court

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on diversity of citizenship. On September 29, 1995, after nearly three and one-half years of pre-trial proceedings, the district court granted JNL's motion to dismiss and/or for summary judgment, finding that, under the factual circumstances of the case, JNL did not have a duty to disclose to either Mr. or Mrs. Deramus that it had discovered that Mr. Deramus was infected with HIV. On appeal, this court affirmed, adopting the memorandum opinion of the district court, and taxed costs against the appellant in the amount of $184.25. Deramus v. Jackson Nat'l Life Ins. Co., 92 F.3d 274 (5th Cir. 1996), cert. denied, 117 S. Ct. 956 (1997).

Upon completion of the first appeal, the district court held a hearing on the appellant's objections to JNL's bill of costs. By Order dated March 10, 1997, the district court awarded JNL costs in the amount of $2,592.64. In this appeal, the appellant argues that the district court erred in awarding JNL the following costs: (1) $75.00 for the cost of obtaining a legible transcription of the decedent's medical records; (2) $1,621.60 for deposition transcripts; (3) $366.54 for copies of medical and tax records; and (4) $85.50 for "additional" copies of JNL's pleadings.

After carefully reviewing the record and the parties' arguments on appeal, we are unable to find that the district court abused its discretion in awarding JNL the above costs. See Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 334 (5th

Cir. 1995).  Accordingly, we AFFIRM.[2]

---

[2]  In addition, the appellant's motion to strike brief for appellee is DENIED.